IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| BELINDA JONES,<br>        *Plaintiff,*<br>v.<br>UNITED STATES OF AMERICA,<br>        *Defendant.* | CASE NO. 6:16-cv-00052<br><br>ORDER<br><br>JUDGE NORMAN K. MOON |

   This case is set for a bench trial beginning on July 12, 2017, in Lynchburg, Virginia. The case concerns a car accident on October 11, 2014, in which Plaintiff Belinda Jones was injured after her car was struck by a vehicle delivering mail for the United States Post Office. The Government filed a motion to exclude or limit the testimony of Plaintiff's proposed expert, Brandon Cox, MD. (Dkt. 22). Defendant then filed her own motion to exclude or limit the testimony of the Government's proposed expert, Vashist Nobbee, MD. (Dkt. 24). The motions are ripe for adjudication and oral argument was heard on June 8, 2017. Because both experts meet the standards set forth in Rule 702, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999), both motions are hereby **DENIED,** and the experts will be permitted to testify.

### I. THE *DAUBERT* STANDARD

   An expert qualified "by knowledge, skill, experience, training, or education, may testify" as to scientific, technical, or other specialized knowledge if it will assist the trier of fact. Fed. R. Evid. 702. Such testimony is only admissible if "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." *Id.* The trial judge has a "gatekeeping" obligation to exclude unreliable expert testimony. *Daubert v. Merrell Dow*

*Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). Such exclusion is governed by Federal Rule of Evidence 104(a), which requires the proponent to establish by a preponderance of the evidence that any admissibility requirements are met. *See Daubert*, 509 U.S. at 592 n. 10; Fed. R. Evid. 702 advisory committee's note (citing *Bourjaily v. United States*, 483 U.S. 171 (1987)).

*Daubert* set forth five factors that the Court may consider in evaluating the reliability of an expert's technique or theory: (1) whether it can be tested, or whether it is merely subjective and conclusory; (2) whether it has been subject to peer review and publication; (3) whether potential error rates are known; (4) whether there are standards controlling the technique's operation; and (5) whether it is generally accepted in the scientific community. 509 U.S. at 593-94; *Kumho Tire*, 526 U.S. at 141. However, these factors are neither exclusive nor dispositive, and "the law grants a district court the same broad latitude when it decides *how* to determine reliability as it enjoys in respect to its ultimate reliability determination." 526 U.S. at 142.

Ultimately, "the test for exclusion is a strict one, and the purported expert must have neither satisfactory knowledge, skill, experience, training nor education on the issue for which the opinion is proffered" in order to be excluded. *Kopf v. Skyrm*, 993 F.2d 374, 377 (4th Cir.1993) (internal quotations omitted). An expert's qualifications must be "liberally judged." *Id.*

## II. THE GOVERNMENT'S MOTION TO EXCLUDE BRANDON COX (DOCKET NO. 22)

The Government, in its motion, asks the Court to exclude or limit the testimony of Plaintiff's primary-care physician, Brandon Cox, MD. The Government objects to Cox's proposed testimony that, in his opinion, the "collision caused permanent damage to Plaintiff's supraorbital nerve, its distribution, and resulting headaches." (Dkt. 22 at 1). The Government argues that although Cox is intimately familiar with Plaintiff's medical history and symptoms, he

– 2 –

is not an expert in the field of neurology and is not qualified to express an opinion as to the true cause of Plaintiff's headaches. (*Id.* at 2). The Government points out that Cox "did not perform any scientific testing." (*Id.*).

Based on the test established in *Daubert* and relevant case law, this argument fails. Although Cox is not an expert in neurology, it is undisputed that he has been Plaintiff's primary-care physician since before the accident, so he can testify about how Plaintiff's symptoms differed before and after the accident. From this differential diagnosis, Dr. Cox can reliably provide his medical opinion about the cause of Plaintiff's change in symptoms. This type of analysis and expert opinion has been recognized as reliable by the Fourth Circuit. *E.g. Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 200 (4th Cir. 2001); *Westberry v. Grislaved Gummi AB*, 178 F..3d 257, 265 (4th Cir. 1999).

Alternatively, the Government argues that Dr. Cox's opinion is unreliable because it is based solely on Plaintiff's self-reported pain and headaches. While the Government is correct that expert testimony is considered unreliable where the "sole basis . . . regarding causation is the patient's self-reporting," that is not the case here. *Hare v. Opryland Hospitality, LLC*, 2010 WL 3719915, at *5 (D. Md. 2010). Dr. Cox's opinion is not based *solely* on Plaintiff's self-reporting. His opinion stems from his treatment of Plaintiff before and after the accident. He observed her injuries and can opine about whether they are consistent with her pain, which is inherently self-reported.

Accordingly, the Government's motion to exclude Dr. Cox as an expert is **DENIED**. He has the requisite qualifications and his testimony is sufficiently reliable.

### III. PLAINTIFF'S MOTION TO EXCLUDE VASHIT NOBBEE (DOCKET NO. 24)

Plaintiff, in response to the Government's *Daubert* motion, filed her own motion to

– 3 –

exclude the Government's expert, Vashit Nobbee, MD. Plaintiff argues that Dr. Nobbee lacks sufficient expertise because he is not a neurologist and lacks the necessary knowledge of the facts because he has never treated Plaintiff. The Government responds by pointing out that Dr. Nobbee is board certified in internal medicine and has reviewed Plaintiff's medical records. Seeing as there is no requirement that a medical expert examine the patient in question, Plaintiff's arguments fail.

In fact, Plaintiff appears to concede Dr. Nobbee's qualifications as an expert: "Vashit Nobbee, MD is no more or less qualified than Brandon Cox, MD to render medical causation opinions about the plaintiff's anatomy at issue in this case." (Dkt. 30 at 2). As a final argument in support of her motion, Plaintiff asserts that Dr. Nobbee relied on outdated medical records, the most recent of which was from July 22, 2015. This argument is equally unavailing. Plaintiff can use this information on cross-examination, but it does not disqualify Dr. Nobbee outright, especially considering Plaintiff has not alleged any significant changes in her condition since July 2015.

Accordingly, Plaintiff's motion to exclude Dr. Nobbee as an expert is **DENIED**. His anticipated testimony is sufficiently reliable under *Daubert* and *Kumho Tire*.

### IV. CONCLUSION

Because both experts are sufficiently qualified and their anticipated testimony is both reliable and relevant, both motions are **DENIED**. The Clerk of the Court is hereby directed to send a copy of this Order to Plaintiff, Defendant, and all counsel of record.

Entered this 14th day of June, 2017.

*/s/ Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE